# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

R.L. ROLLISON, JR.,

       Plaintiff,

v.                                         Case No. 3:20-cv-1018-J-34JRK

AUTO-OWNERS INSURANCE
COMPANY,

       Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

-1-

On September 10, 2020, Defendant Auto-Owners Insurance Company filed a Notice of Removal (Doc. 1; Notice), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  See Notice ¶ 2.  Auto-Owners alleges that diversity jurisdiction is proper because this is an action between citizens of different states, and the amount in controversy exceeds $75,000. Id. ¶ 3. In the Notice, Auto-Owners asserts that Plaintiff R.L. Rollison, Jr.'s "principal establishment" is in Florida. Id. ¶ 6.  As to its own citizenship, Auto-Owners notes an allegation in the Complaint and Demand for Jury Trial (Doc. 1-4) that Auto-Owners is a "foreign corporation," and adds that "RaceTrac is a corporation incorporated in the State of Michigan with its principal place of business in East Lansing, Michigan." See Notice ¶ 7.  RaceTrac, however, is not a party to this case.  The Notice does not address the state of incorporation and principal place of business of the actual Defendant, Auto-Owners Insurance Company.  See Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) ("The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1) (emphasis removed))).  Accordingly, the Court is unable to determine whether it has diversity jurisdiction over this action.

In light of the foregoing, the Court will give Auto-Owners an opportunity to provide the Court with additional information to establish its citizenship, and this Court's diversity jurisdiction over the instant action. Accordingly, it is

-3-

**ORDERED**:

Defendant Auto-Owners Insurance Company shall have until **September 25, 2020**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on September 14, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record